UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DAVID MEDDERS, and CHRISTY EASTERLING MEDDERS, individually and on behalf of her minor son, DALTON CHANDLER EASTERLING** | * | **CIVIL ACTION NO. 17-1681** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **BOUGHTON LITTER SPREADING L.L.C. AND BOUGHTON CATTLE, L.L.C.** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

On March 21, 2018, the undersigned magistrate judge entered an Order [doc. #16] directing the parties to submit briefs on whether this Court has subject matter jurisdiction to decide this matter. Plaintiffs [doc. #18] and Defendant, Boughton Litter Spreading, L.L.C. ("BLS") [doc. #17] submitted their briefs on the issue. For reasons assigned below, it is recommended that this Court remand the case to state court.

**Background**

On November 17, 2017, Plaintiffs filed their Petition for Damages and for Preliminary and Permanent Injunctions [doc. #1-1] in the 5th Judicial District Court for the Parish of Richland, State of Louisiana. According to the petition, Defendants began fertilizing their property that is adjacent to property owned and/or occupied by Plaintiffs with hazardous waste on December 1, 2016, and continued that practice at least through the petition date. Plaintiffs aver that this practice is harmful to their health, has caused them serious health problems, and has

damaged the value of their property.

Plaintiffs seek general damages, special damages, punitive damages, costs, fees, a preliminary injunction, and a permanent injunction from/against Defendants under state law theories of negligence, strict liability, and vicarious liability. *See* Petition, doc #1-1, ¶ 18. In support of these claims, Plaintiffs allege that Defendants violated local, state, and federal law relating to the manufacture, treatment, sterilization, storage, transportation, and application of hazardous waste. Plaintiffs allege that the products Defendants used to fertilize their property are subject to strict regulation under federal and state law, including the Clean Air Act, 42 U.S.C. § 7401, et seq., and the Louisiana Environmental Quality Act, La. Rev. Stat. § 30:2171, et seq.

On December 28, 2017, BLS filed a Notice of Removal [doc. #1] removing the case to this Court on the sole basis of federal question jurisdiction, 28 U.S.C. § 1331. BLS contends that Plaintiffs' claims are "created by" or necessarily raise important disputed issues regarding the Clean Air Act. *See* Notice of Removal, doc. #1, pp. 5-8.

On March 21, 2018, the undersigned entered an Order [doc. #16] directing the parties to submit briefs on whether this Court has subject-matter jurisdiction to decide this matter. BLS submitted a brief arguing in the affirmative [doc. #17], and Plaintiffs submitted a brief arguing in the negative [doc. #18].

## Law and Analysis

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S. Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of

federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

Federal question jurisdiction encompasses "all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S. Ct. 921, 925 (1998) (citations omitted). The face of the complaint must establish "'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S. Ct. 2841 (1983)).

State-law claims raising a sufficiently substantial question of federal law to impart federal question jurisdiction are a "special and small category." *Gunn v. Minton*, 568 U.S. 251, 258, 133 S. Ct. 1059, 1064 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S. Ct. 2121 (2006)). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v.*

*Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 3234 (1986).  Indeed, "[t]he fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction."  *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).  Where state law creates the claims, as here, "federal jurisdiction only exists where '(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.'"  *Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 721-22 (5th Cir. 2017), cert. denied sub nom. *Bd. of Comm'rs of Se. Louisiana Flood Prot. Auth.--E. v. Tennessee Gas Pipeline Co.*, 138 S. Ct. 420, 199 L. Ed. 2d 306 (2017) (quoting *Singh*, 538 F.3d at 338.

Here, BLS does not argue that the Clean Air Act preempts Plaintiffs' state-law claims.  *See generally* Defendant's Memorandum on Jurisdiction, doc. #17.  *See also* 42 U.S.C. § 7604(e) ("Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any emission standard or limitation or to seek any other relief (including relief against the Administrator or a State agency).").  Nor does BLS argue that the Clean Air Act is the only possible source of the requisite standard of care for Plaintiffs' claims.  *See generally* Defendant's Memorandum on Jurisdiction, doc. #17.  Instead, BLS argues that Plaintiffs intend to use the Clean Air Act as their primary or sole means of establishing the requisite standard of care.  *Id.* at p. 5 ("[Plaintiffs] turn to the [Clean Air Act] to establish the standard of care . . . .").  However, this intention is not obvious from the face of the complaint.  Plaintiffs' complaint references federal law a mere three times, each time also referencing state and local law. See Petition, doc #1-1, ¶¶ 9 and 18(c), 18(d).  Accordingly, it

4

appears from the face of the complaint that, rather than relying solely, or even primarily, on federal law, Plaintiffs intend to cite the Clean Air Act as well as state and local law as evidence to assist the trial court in establishing or interpreting the requisite standard of care under Louisiana law. This intention does not give rise to federal questions jurisdiction. *See Cerny v. Marathon Oil Corp.*, No. CIV.A. SA-13-CA-562, 2013 WL 5560483, at *8 (W.D. Tex. Oct. 7, 2013) (holding that plaintiffs' claims were not completely preempted and that federal question jurisdiction was lacking); *Morrison v. Drummond Co.*, No. 2:14-CV-0406-SLB, 2015 WL 1345721, at *4 (N.D. Ala. Mar. 23, 2015) ("[P]laintiff's common law causes of action are not completely preempted by the Clean Air Act and, therefore, this court does not have federal question jurisdiction.").

BLS relies on *Board of Commissioners of S.E. La. Flood Protection Authority-East v. Tennessee Gas Pipeline Co. L.L.C.*, 850 F.3d 714 (5th Cir. 2017), wherein the Fifth Circuit affirmed the district court's finding of federal question jurisdiction even though the plaintiffs asserted only state-law claims. In doing so, the Fifth Circuit noted that the complaint contained great detail regarding the pervasive and extensive federal regulation of the activity in question: shoreline dredging. *Tennessee Gas Pipeline*, 850 F.3d at 720. Ultimately, the Fifth Circuit concluded that federal law provided the only basis on which the plaintiff could establish the requisite standard of care. *Tennessee Gas Pipeline*, 850 F.3d at 723 ("The absence of any state law grounding for the duty that the Board would need to establish for the Defendants to be liable means that that duty would have to be drawn from federal law.").

In contrast, Plaintiffs reference federal law only three times, and provide no discussion or detail on its significance relative to the state and local laws also cited each time. *See* Petition,

doc #1-1, ¶¶ 9 and 18(c), 18(d).  Accordingly, the burden falls to Defendants to detail the pervasiveness of federal law in deciding this matter, a burden Defendants have failed to meet. Most importantly, in reaching its decision in *Tennessee Gas Pipeline*, the Fifth Circuit contrasted the facts presented therein with those from its own earlier decision in *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485 (5th Cir. 2002), noting that "[t]he claims for negligence and strict liability in *MSOF* arose out of the alleged contamination of plaintiffs' land with toxic chemicals, which undisputedly gave rise to a cause of action under state law." *Tennessee Gas Pipeline*, 850 F.3d at 722. As in *MOSF*, the claims herein undisputedly give rise to a cause of action under state law. Because the facts and pleadings in the instant case are far more closely analogous to those in *MOSF* than to those in *Tennessee Gas Pipline*, the result in this case should be the same as that in *MOSF*, and this case should be remanded.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the that the matter be remanded to the 5th Judicial District Court for the Parish of Richland, State of Louisiana, whence it was removed.  28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 24th day of April 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE